UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| EXCEED TALENT CAPITAL, LLC, | : | Case No. 23-cv-10647 (GHW) (RWL) |
| Plaintiff, | : | **ANSWERS AND DEFENSES** |
| v. | : | **JURY TRIAL DEMANDED** |
| DURK DERRICK BANKS p/k/a LIL DURK, ANDREW BONSU, ONLY THE FAMILY ENTERTAINMENT, INC., OTF LABEL, and TTPMG, LLC, | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Only The Family Entertainment, Inc. ("OTFEI") (which sometimes d/b/a OTF Label), for its Answer and Defenses to the Amended Complaint, dated March 22, 2024 [Dkt. No. 15] (the "Complaint"), filed by Plaintiff Exceed Talent Capital, LLC ("Exceed"), hereby denies each and every allegation not specifically admitted herein and, unless otherwise stated, denies knowledge or information sufficient to form a belief as to the truth or falsity of any allegation concerning the acts or omissions of others, and states specifically with respect to each numbered paragraph of the Complaint (the "Answer"), as follows:

**RESPONSE TO NATURE OF THE ACTION**

1.   Paragraph 1 of the Complaint alleges hyperbole, opinions, and/or legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, except admits that Durk Derrick Banks p/k/a Lil Durk ("Mr. Banks") is a recording artist, avers that the Music Revenue Rights Agreement, dated as of August 3, 2022 (the "Agreement") was not executed by an authorized agent of OTFEI or Mr. Banks, and respectfully refers the Court to the Agreement, as applicable, if at all, for its true terms, meaning, and import.

2.    Paragraph 2 of the Complaint alleges opinions and/or legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, except avers that the Agreement was not executed by an authorized agent of OTFEI or Mr. Banks, and respectfully refers the Court to the Agreement, as applicable, if at all, for its true terms, meaning, and import.

3.    Paragraph 3 of the Complaint alleges opinions and/or legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, except avers that the Agreement was not executed by an authorized agent of OTFEI or Mr. Banks, and respectfully refers the Court to the Agreement, as applicable, if at all, for its true terms, meaning, and import, admits that Mr. Banks executed an Exclusive Recording Agreement with Alamo Records, LLC ("Alamo"), dated April 30, 2021 (the "Alamo Agreement"), which was publicly known, and respectfully refers the Court to the Alamo Agreement for its true terms, meaning, and import, and denies knowledge or information sufficient to form a belief as to Exceed's state of mind or any expenses it may have incurred, and on that basis denies those allegations.

4.    OTFEI denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 4 of the Complaint, and on that basis denies those allegations, except denies that OTFEI or Mr. Banks executed the Agreement, made any representations to Exceed, or caused and/or are responsible for any alleged losses, damages, costs and/or expenses suffered by Exceed in connection with the Agreement or planned investment offering.

5. OTFEI denies the allegations in paragraph 5 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding what Exceed was compelled or not to do, and on that basis denies those allegations.

**RESPONSE TO PARTIES**

6. Paragraph 6 of the Complaint alleges legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, and otherwise denies knowledge or information to form a belief as to the allegations therein, and on that basis denies those allegations.

7. Paragraph 7 of the Complaint alleges legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, except admits that Mr. Banks is an individual who resides in the State of Illinois.

8. Paragraph 8 of the Complaint alleges legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, and otherwise denies knowledge or information to form a belief as to the allegations therein, and on that basis denies those allegations.

9. OTFEI admits the allegations in paragraph 9 of the Complaint.

10. OTFEI denies the allegations in paragraph 10 of the Complaint, except avers that OTFEI sometimes does business as "OTF Label."

11. OTFEI denies knowledge or information to form a belief as to the allegations in paragraph 11 of the Complaint, and on that basis denies those allegations.

**RESPONSE TO JURISDICTION AND VENUE**

12. Paragraph 12 of the Complaint alleges legal conclusions for which no response is required, and on that basis OTFEI denies those allegations, except avers that OTFEI does not contest the jurisdiction of this Court.

13. Paragraph 13 of the Complaint alleges legal conclusions for which no response is required, and on that basis OTFEI denies those allegations, except avers that OTFEI does not contest the jurisdiction of this Court.

## RESPONSE TO FACTUAL BACKGROUND

14. OTFEI denies knowledge or information to form a belief as to the allegations in paragraph 14 of the Complaint, and on that basis denies those allegations.

15. OTFEI denies knowledge or information to form a belief as to the allegations in paragraph 15 of the Complaint, and on that basis denies those allegations.

16. OTFEI denies knowledge or information to form a belief as to the allegations in paragraph 16 of the Complaint, and on that basis denies those allegations, except admits that OTFEI is a record label, and avers that Mr. Banks is the founder of OTFEI and that no authorized agent of Mr. Banks or OTFEI was permitted to engage in any discussions with Exceed.

17. Paragraph 17 of the Complaint alleges opinions and/or legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, except avers that the Agreement was not executed by an authorized agent of OTFEI or Mr. Banks, and respectfully refers the Court to the Agreement, as applicable, if at all, for its true terms, meaning, and import.

18. OTFEI denies the allegations in paragraph 18 of the Complaint, and avers that the signature allegedly attributed to Mr. Banks in the Complaint is a forgery, and the signature appears inexplicably in the text of one of the Agreement's provisions, not on a designated signature line, which highlights the suspicious nature of the signature.

19. Paragraph 19 of the Complaint alleges opinions and/or legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, except avers that the signature attributed to Mr. Banks in the Complaint is a forgery, and the signature appears inexplicably in the text of one of the Agreement's provisions, not on a designated signature line, which highlights the suspicious nature of the signature, and respectfully refers the Court to the Agreement, as applicable, if at all, for its true terms, meaning, and import.

20. OTFEI denies knowledge or information to form a belief as to the allegations in paragraph 20 of the Complaint, and on that basis denies those allegations, except respectfully refers the Court to the Agreement, as applicable, if at all, for its true terms, meaning, and import.

21. OTFEI denies the allegations in paragraph 21 of the Complaint, except avers that Mr. Banks is the founder of OTFEI, which operates as a record label.

22. Paragraph 22 of the Complaint alleges opinions and/or legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, except avers that Mr. Banks is the founder of OTFEI, that "OTF Label" is a sometime d/b/a name for OTFEI, and denies that Defendant Bonsu is an owner of OTFEI.

23. Paragraph 23 of the Complaint alleges opinions and/or legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, except respectfully refers the Court to the Agreement, as applicable, if at all, for its true terms, meaning, and import.

24. Paragraph 24 of the Complaint alleges opinions and/or legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, except avers that the Agreement was not executed by an authorized agent of OTFEI or Mr. Banks, and respectfully refers the Court to the Agreement, as applicable, if at all, for its true terms, meaning, and import.

25. Paragraph 25 of the Complaint alleges opinions and/or legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, except avers that the Agreement was not executed by an authorized agent of OTFEI or Mr. Banks, and respectfully refers the Court to the Agreement, as applicable, if at all, for its true terms, meaning, and import.

26. Paragraph 26 of the Complaint alleges opinions and/or legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, except avers that the

Agreement was not executed by an authorized agent of OTFEI or Mr. Banks, and respectfully refers the Court to the Agreement, as applicable, if at all, for its true terms, meaning, and import.

27. Paragraph 27 of the Complaint alleges opinions and/or legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, except avers that the Agreement was not executed by an authorized agent of OTFEI or Mr. Banks, and respectfully refers the Court to the Agreement, as applicable, if at all, for its true terms, meaning, and import.

28. Paragraph 28 of the Complaint alleges opinions and/or legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, except respectfully refers the Court to the Agreement, as applicable, if at all, for its true terms, meaning, and import.

29. Paragraph 29 of the Complaint alleges opinions and/or legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, except avers that the Agreement was not executed by an authorized agent of OTFEI or Mr. Banks, and respectfully refers the Court to the Agreement, as applicable, if at all, for its true terms, meaning, and import.

30. Paragraph 30 of the Complaint alleges opinions and/or legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, except avers that the Agreement was not executed by an authorized agent of OTFEI or Mr. Banks, and respectfully refers the Court to the Agreement, as applicable, if at all, for its true terms, meaning, and import.

31. OTFEI denies knowledge or information to form a belief as to the allegations in paragraph 31 of the Complaint, and on that basis denies those allegations.

32. Paragraph 32 of the Complaint alleges opinions and/or legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations and otherwise denies the allegations therein as to OTFEI and Mr. Banks, and avers that the Agreement was not executed by an authorized agent of OTFEI or Mr. Banks.

33. Paragraph 33 of the Complaint alleges opinions for which no response is required, and on that basis, OTFEI denies those allegations, except admits that Mr. Banks authorized the use of the statement quoted in paragraph 33 of the Complaint.

34. OTFEI denies knowledge or information to form a belief as to the allegations in paragraph 34 of the Complaint, and on that basis denies those allegations.

35. OTFEI denies knowledge or information to form a belief as to the allegations in paragraph 35 of the Complaint, and on that basis denies those allegations.

36. OTFEI denies knowledge or information to form a belief as to the allegations in paragraph 35 of the Complaint, and on that basis denies those allegations, except admits that Mr. Banks or his designee received $150,000.

37. OTFEI denies knowledge or information to form a belief as to the allegations in paragraph 37 of the Complaint, and on that basis denies those allegations, except admits, on information and belief, that Alamo is a record label owned and/or controlled by Sony Music Entertainment.

38. Paragraph 38 of the Complaint alleges legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, except respectfully refers the Court to the Alamo Agreement for its true terms, meaning, and import.

39. Paragraph 39 of the Complaint alleges opinions and/or legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, and avers that the Agreement was not executed by an authorized agent of OTFEI or Mr. Banks.

40. Paragraph 40 of the Complaint alleges hyperbole and/or opinions for which no response is required, and on that basis, OTFEI denies those allegations and otherwise denies knowledge or information to form a belief as to the allegations therein concerning any notice to cure any

purported breaches of the Agreement, as applicable, if at all, and on that basis denies those allegations.

41. Paragraph 41 of the Complaint alleges hyperbole, opinions, and/or legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations and otherwise denies knowledge or information to form a belief as to the remaining allegations therein, and on that basis denies those allegations.

42. Paragraph 42 of the Complaint alleges legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, except respectfully refers the Court to the Agreement, as applicable, if at all, for its true terms, meaning, and import.

43. Paragraph 43 of the Complaint alleges hyperbole, opinions, and/or legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, except avers that the Agreement was not executed by an authorized agent of OTFEI or Mr. Banks, and respectfully refers the Court to the Agreement, as applicable, if at all, for its true terms, meaning, and import. Otherwise, OTFEI denies knowledge or information to form a belief as to the remaining allegations therein, and on that basis denies those allegations.

44. Paragraph 44 of the Complaint alleges hyperbole, opinions, and/or legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, except avers that the Agreement was not executed by an authorized agent of OTFEI or Mr. Banks, and respectfully refers the Court to the Agreement, as applicable, if at all, for its true terms, meaning, and import, and otherwise denies knowledge or information to form a belief as to the remaining allegations therein, and on that basis denies those allegations.

45. OTFEI denies knowledge or information to form a belief as to the allegations in paragraph 45 of the Complaint, and on that basis denies those allegations, except denies that OTFEI caused and/or is responsible for any alleged losses or damages suffered by Exceed.

46. OTFEI denies knowledge or information to form a belief as to the allegations in paragraph 46 of the Complaint, and on that basis denies those allegations, except denies that OTFEI caused and/or is responsible for any alleged losses or damages suffered by Exceed.

## COUNT I: BREACH OF CONTRACT

47. In response to Paragraph 47 of the Complaint, OTFEI repeats and realleges its responses to paragraphs 1 through 46 as if set forth at length herein.

48. Paragraph 48 of the Complaint alleges legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, except avers that the Agreement was not executed by an authorized agent of OTFEI or Mr. Banks, and respectfully refers the Court to the Agreement, as applicable, if at all, for its true terms, meaning, and import.

49. Paragraph 49 of the Complaint alleges legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, except avers that the signature attributed to Mr. Banks in the Complaint is a forgery, and the signature appears inexplicably in the text of one of the Agreement's provisions, not on a designated signature line, which highlights the suspicious nature of the signature, and respectfully refers the Court to the Agreement, as applicable, if at all, for its true terms, meaning, and import.

50. Paragraph 50 of the Complaint alleges legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, except denies that OTF Label is an unincorporated business entity (as it is a sometime d/b/a name for OTFEI), or that Defendant Bonsu is an owner of OTFEI.

51. Paragraph 51 of the Complaint alleges legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, except avers that the Agreement was not executed by an authorized agent of OTFEI or Mr. Banks, and respectfully refers the Court to the Agreement, as applicable, if at all, for its true terms, meaning, and import.

52. Paragraph 52 of the Complaint alleges legal conclusions for which no response is required, and on that basis, OTFEI denies those allegations, except avers that the Agreement was not executed by an authorized agent of OTFEI or Mr. Banks, and respectfully refers the Court to the Agreement, as applicable, if at all, for its true terms, meaning, and import.

53. OTFEI denies knowledge or information to form a belief as to the allegations in paragraph 53 of the Complaint, and on that basis denies those allegations, except denies that OTFEI caused and/or is responsible for any alleged losses or damages purportedly suffered by Exceed, and further avers that a tender was made to Exceed.

54. OTFEI denies knowledge or information to form a belief as to the allegations in paragraph 54 of the Complaint, and on that basis denies those allegations, except denies that OTFEI caused and/or is responsible for any alleged losses or damages purportedly suffered by Exceed.

## COUNT II: FRAUD

55. In response to paragraph 55 of the Complaint, OTFEI repeats and realleges its responses to paragraphs 1 through 54 as if set forth at length herein.

56. Paragraph 56 of the Complaint is not addressed to OTFEI, and therefore no response is required to these allegations.

57. Paragraph 57 of the Complaint is not addressed to OTFEI, and therefore no response is required to these allegations.

58. Paragraph 58 of the Complaint is not addressed to OTFEI, and therefore no response is required to these allegations.

59. Paragraph 59 of the Complaint is not addressed to OTFEI, and therefore no response is required to these allegations.

60. Paragraph 60 of the Complaint is not addressed to OTFEI, and therefore no response is required to these allegations.

61. Paragraph 61 of the Complaint is not addressed to OTFEI, and therefore no response is required to these allegations.

62. Paragraph 62 of the Complaint is not addressed to OTFEI, and therefore no response is required to these allegations.

63. Paragraph 63 of the Complaint is not addressed to OTFEI, and therefore no response is required to these allegations.

64. Paragraph 64 of the Complaint is not addressed to OTFEI, and therefore no response is required to these allegations.

65. Paragraph 65 of the Complaint is not addressed to OTFEI, and therefore no response is required to these allegations.

## RESPONSE TO PRAYER FOR RELIEF

OTFEI denies that Exceed is entitled to any of the relief enumerated in paragraphs (A) through (C) of the PRAYER FOR RELIEF as against OTFEI.

## FIRST DEFENSE

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND DEFENSE

2.  The Complaint is barred, in whole or in part, for failure to satisfy necessary elements of the claim purportedly alleged therein.

### THIRD DEFENSE

3.  The Complaint is barred, in whole or in part, based on the terms of the Agreement, as applicable, if at all.

### FOURTH DEFENSE

4.  The Complaint is barred, in whole or in part, under the applicable statute of limitations, whether contractual, statutory, or otherwise.

### FIFTH DEFENSE

5.  The Complaint is barred, in whole or in part, based on Exceed's acts, omissions, or wrongful or tortious conduct in connection with the Agreement, as applicable, if at all.

### SIXTH DEFENSE

6.  The Complaint is barred, in whole or in part, based on Exceed's intentional and voluntary relinquishment, release, waiver, and/or surrender of known rights, benefits, or advantages under the Agreement, as applicable, if at all.

### SEVENTH DEFENSE

7.  The Complaint is barred, in whole or in part, because OTFEI's conduct and actions were, at all times, reasonable, justified, and undertaken in good faith, and it did not directly or indirectly undertake, or fail to undertake any action, in violation of any law or contract.

### EIGHTH DEFENSE

8.  The Complaint is barred, in whole or in part, based on Exceed's consent, approval, and/or ratification of the acts or conduct challenged by it.

**NINTH DEFENSE**

9.   The Complaint is barred, in whole or in part, because Exceed will be unjustly enriched by any judgment against OTFEI in its favor.

**TENTH DEFENSE**

10. The Complaint is barred, in whole or in part, under the doctrine of acquiescence.

**ELEVENTH DEFENSE**

11. The Complaint is barred, in whole or in part, by the doctrines of promissory and/or equitable estoppel.

**TWELFTH DEFENSE**

12. The Complaint is barred, in whole or in part, based on the doctrine of unclean hands.

**THIRTEENTH DEFENSE**

13. The Complaint is barred, in whole or in part, based on Exceed's own material breaches of the Agreement, as applicable, if at all.

**FOURTEENTH DEFENSE**

14. Exceed is not entitled to recover its alleged damages, if any, because they are uncertain, contingent, and speculative.

**FIFTEENTH DEFENSE**

15. The Complaint is barred, in whole or in part, to the extent Exceed failed to mitigate its damages, rendering any damages that it allegedly suffered not recoverable.

**SIXTEENTH DEFENSE**

16. The Complaint is barred, in whole or in part, because the Agreement, as applicable, if at all, was not executed by an authorized agent of OTFEI or Mr. Banks and/or was fraudulently executed on their behalf.

## RESERVATION OF RIGHTS

17. OTFEI reserves the right to allege additional defenses after conducting further investigation and/or discovery.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, OTFEI requests a trial by jury on all issues so triable.

**WHEREFORE**, OTFEI respectfully requests that the Court enter judgment as follows:

(a) Dismissing the Complaint with prejudice in all respects;

(b) Interest, attorney's fees, costs, and disbursements, as permitted by contract, law, or statute; and

(c) Such other and further relief as the Court deems just and proper.

Dated: July 26, 2024
New York, New York

JONATHAN D. DAVIS, P.C.

By: /s/ *Jonathan D. Davis*
Jonathan D. Davis
Anthony C. LoMonaco
1 Rockefeller Plaza, Suite 1712
New York, New York 10020
(212) 687-5464
jdd@jddavispc.com
acl@jddavispc.com

*Attorneys for Defendant Only*
*the Family Entertainment, Inc.,*
*sometimes d/b/a OTF Label*

14