USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/10/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                                                      :

EXCEED TALENT CAPITAL, LLC,         :

                                    Plaintiff,       :       1:23-cv-10647-GHW

                         -v-                       :      MEMORANDUM OPINION &
                                                       :             ORDER

DURK DERRICK BANKS, *et al.*,     :

                                  Defendants.  :

------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

## I. INTRODUCTION

Defendant Durk Derrick Banks filed a motion to dismiss Plaintiff's fraud claim on the grounds that it is duplicative of Plaintiff's breach of contract claim and, in any event, that it is pleaded without sufficient particularity. Judge Lehrburger issued a report and recommendation (the "R&R"), which recommends that the Court dismiss the fraud claim with leave to amend because the allegation lacks sufficient particularity. The R&R also concludes that Plaintiff's fraud claim is not duplicative of the breach of contract claim. Banks objects to the R&R's conclusion that the fraud claim should not be dismissed as duplicative. Banks also objects to granting Plaintiff leave to amend, arguing that the alleged fraud was not attributed to him, and therefore further amendment would still fail to state a claim against him.

Because the fraud claim lacks sufficient particularity, the Court adopts the R&R's recommendation that the fraud claim be dismissed. The Court therefore need not address whether this claim is duplicative of the breach of contract claim. Because Plaintiff alleges that the misrepresentation was made by Banks's agents acting with actual or apparent authority, the alleged fraud, if sufficiently pleaded, could be imputed to him. The Court therefore cannot find that further amendment would be futile and grants Plaintiff leave to amend the complaint.

## II.  BACKGROUND

Plaintiff filed the Amended Complaint on March 22, 2024.  Dkt. No. 15 ("Am. Compl."). The Court refers to the R&R for a description of the relevant facts and procedural history of this case.[1]  Dkt. No. 44 (R&R) at 2–5.  On July 26, 2024, Defendant Banks filed a motion to dismiss Count II of the Amended Complaint, which asserted a claim for common law fraud against him and the other defendants.  Dkt. No. 33.  Banks argued that the fraud claim is duplicative of Plaintiff's breach of contract claim and that the Amended Complaint fails to allege fraud with particularity.  *See* Dkt. No. 35.  On January 2, 2025, Judge Lehrburger issued the R&R.

The R&R first rejects Banks's argument that the fraud claim is duplicative of the breach of contract claim.  R&R at 7.  That is because Plaintiff alleges that Defendant Andrew Bonsu and the Corporate Defendants[2] made an extracontractual misrepresentation of present fact intended to induce Plaintiff to enter the contract in the first place.  *Id.* at 9.  Nevertheless, the R&R recommends that the Court dismiss Plaintiff's fraud claim because the Amended Complaint fails to plead the alleged misrepresentation and Defendants' scienter with particularity, as is required by Fed. R. Civ. P. 9(b).  *Id.* at 14.  The R&R recommends that Plaintiff be given leave to further amend the complaint in order to remedy the deficiencies identified.  *Id.* at 27.

On January 16, 2025, Banks filed objections to the R&R (the "Objections").  Dkt. No. 47. Banks argues that the R&R's conclusions "are inherently contradictory and irreconcilable because a misrepresentation cannot (1) fail to meet Rule 9(b)'s particularity requirements and not be attributable to a defendant, but at the same time (2) be sufficient to plead that the same defendant made an actionable extra-contractual misrepresentation."  *Id.* at 4 (emphasis omitted).  According to Banks, the Amended Complaint "only allege[s] pre-contractual statements by Corporate Defendants

---

[1] No party objects to the report and recommendation's recitation of the facts and procedural history.
[2] The "Corporate Defendants" are Only the Family Entertainment, Inc. ("OTFEI"); OTF Label; and TTPMG, LLC.

and Bonsu, without any allegation that Mr. Banks was a participant in those communications." *Id.* at 5 (emphasis omitted). Therefore, Banks argues, "allowing Plaintiff a third attempt to plead a fraud claim will only invite mischief and fraud, as there is no plausible reason why Plaintiff failed to identify Mr. Banks as having made a pre-contractual misrepresentation in its earlier pleadings." *Id.* (emphasis omitted). Plaintiff filed a response to the Objections on January 30, 2025. Dkt. No. 48. Banks filed a reply, with leave of Court, on February 7, 2025. Dkt. No. 51.

### III.   LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of being served with a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

The Court reviews for clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). When a party timely objects to a magistrate's report and recommendation, a district court reviews, *de novo*, "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "To the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865 (LTS)(GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (citation and internal quotation marks omitted)). "Objections of this sort are frivolous, general and

3

conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Vega v. Artuz*, No. 97-CV-3775 (LTS)(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citations and internal quotation marks omitted). "The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge." *New York City Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (internal citation and quotation marks omitted).

Finally, "it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (internal citation and quotation marks omitted); *accord Piligian v. Icahn Sch. of Med. at Mt. Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." (quoting *Syed Mohammad Aftab Kartm, MD, Faans v. New York City Health and Hospitals Corp., et al.*, No. 17-CV-6888, 2020 WL 2999228, at *3 (S.D.N.Y. June 4, 2020))); *Watson v. Geithner*, No. 11-CV-9527, 2013 WL 5441748, at *2 (S.D.N.Y. Sep. 27, 2013) ("[A] party waives any arguments *not* presented to the magistrate judge." (emphasis in original)).

### IV.   DISCUSSION

#### A.  The Fraud Claim Is Dismissed

No party filed objections to the R&R's conclusion that the Amended Complaint failed to state the fraud claim with sufficient particularity, as is required under Fed. R. Civ. P. 9(b). The Court therefore reviews this portion of the R&R for clear error and finds none. Thus, the Court adopts this portion of the R&R and grants Banks's motion to dismiss the fraud claim.

Because the Court dismisses the fraud claim on other grounds, the Court need not reach the

issue of whether the fraud claim is duplicative. *See Phoenix Cos., Inc. v. Concentrix Ins. Admin. Sols. Corp.*, 554 F. Supp. 3d 568, 605 n.16 (S.D.N.Y. 2021) ("Because the Court dismisses Counterclaims Six and Seven on other grounds, it need not address PwC's arguments regarding timeliness or improper joinder."). For this reason, the Court declines to adopt the portion of the R&R analyzing whether the fraud claim is duplicative of the breach of contract claim.[3]

### B. Leave to Amend

Plaintiff should be granted leave to amend. It is the "usual practice" upon dismissing a complaint "to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Leave may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). Banks argues that amendment would be futile because "there is no plausible reason why Plaintiff failed to identify Mr. Banks as having made a pre-contractual misrepresentation in its earlier pleadings." Objections at 5.[4]

Because Plaintiff asserts that Bonsu and the Corporate Defendants were acting as Banks's agents when committing the alleged fraud, Plaintiff's fraud claim implicates Banks, and therefore Banks's objection to granting leave to amend is without merit. Under New York agency law, "a principal is liable to third parties for the acts of an agent operating within the scope of his real or apparent authority." *Citibank, N.A. v. Nyland (CF8) Ltd.*, 878 F.2d 620, 624 (2d Cir. 1989); *see also Adler v. Helman*, 564 N.Y.S.2d 828, 830 (App. Div. 3d Dep't 1991) ("A principal is liable for the

---

[3] Banks correctly points out that it would be somewhat incongruous for the Court to adopt both portions of the R&R at once. There is a "chicken-and-egg" problem with concluding that a fraud claim is not duplicative if there is no validly pleaded fraud claim to begin with. Required to provide helpful recommendations to the Court regarding all of the legal issues presented in the motion, Judge Lehrburger could not cut this Gordian knot; this Court can.

[4] Banks also asserts that "allowing Plaintiff a third attempt to plead a fraud claim will only invite mischief and fraud." Opposition at 5. The Court has no basis to conclude that Plaintiff will amend in bad faith or engage in "mischief" or "fraud."

fraudulent acts of his agent committed within the scope of his authority . . . ."); 2A N.Y. Jur.2d Agency & Indep. Contractors § 290 ("[A] principal is liable for the fraudulent acts of his or her agent committed within the scope of the agent's authority."). "In addition, the 'liability for an agent's fraud or misrepresentation applies even where the principal had no knowledge of the misrepresentation or fraud and intended no fraud.'" *Glidepath Holding B.V. v. Spherion Corp.*, 590 F. Supp. 2d 435, 453 (S.D.N.Y. 2007) (quoting 2A N.Y. Jur.2d Agency & Indep. Contractors § 291).

Plaintiff alleges that Bonsu and the Corporate Defendants were acting as Banks's agents when allegedly misrepresenting their authority to convey revenue rights to Plaintiff. The Amended Complaint alleges that Bonsu and the Corporate Defendants "acted as Banks's agent[s] in connection with . . . the transaction" with Plaintiff. Am. Compl. ¶¶ 57–59. Plaintiff asserts that Bonsu and the Corporate Defendants "acted within the scope of their actual and/or apparent authority as agents of Banks" when they were inducing Plaintiff to enter the contract. *Id.* ¶ 60. Banks does not dispute the existence of an agency relationship in his submissions. *See* Dkt. No. 35 at 14 ("Plaintiff is wrong that Mr. Bonsu's or any other agent's alleged fraud can be imputed to Mr. Banks.").[5]

Therefore, it is possible that if Plaintiff amends the complaint to state a valid fraud claim against Bonsu and the Corporate Defendants, Banks would allegedly be liable as a principal. It is also possible, despite Banks's protestations, that Plaintiff does have access to additional facts directly linking Banks to the alleged misstatements. Thus, as Judge Lehrburger concluded, the Court cannot determine that further amendment would be futile in stating a fraud claim against Banks. *See Loreley*

---

[5] This is not to say that the Amended Complaint "adequately ple[ads] that any defendant acted as Mr. Banks's agent in making any statement." Dkt. No. 51 at 3. Plaintiff is correct that the R&R does not make such a finding. *Id.* To the contrary, the R&R notes that because the Amended Complaint fails to adequately plead any of the parties' scienter, the court could not "determine what statements and state of mind, if any, can properly be imputed to Banks." R&R at 17. However, this does not mean that the Amended Complaint cannot, with further amendment, adequately plead that Bonsu and the Corporate Defendants were acting as Banks's agents in committing the alleged fraud.

6

*Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*, 797 F.3d 160, 191 (2d Cir. 2015).

## V.  CONCLUSION

For the foregoing reasons, Banks's objections are overruled in part. The Court adopts the R&R in its entirety, with the exception of the conclusion that the fraud claims is not duplicative (and the supporting analysis). Count II of Plaintiff's Amended Complaint is dismissed as to Banks without prejudice. The Court grants Plaintiff leave to file a second amended complaint solely to cure the deficiencies identified with respect to Count II no later than 30 days from the date of this order. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 33.

SO ORDERED.

Dated: February 10, 2025
       New York, New York

_____
GREGORY H. WOODS
United States District Judge